IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIGHT CONSTRUCTION, INC. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:12-mc-09028-FJG |
| ) | |
| ) | |
| CARPENTERS DISTRCIT COUNCIL ) | |
| OF KANSAS CITY PENSION FUND ) | |
| and ) | |
| MELMORE CONSTRUCTION, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is Petitioner's Motion to Vacate or Modify Arbitration Award (Doc. No. 1) and Defendant Melmore Construction, Inc.'s Motion to Dismiss (Doc. No. 6).

**I.   BACKGROUND**

In January 2003, Defendant Melmore Construction, Inc. f/k/a DCM Construction, Inc. ("DCM") signed a Residential Labor Agreement with Carpenters District Council of Kansas City & Vicinity Pension Fund ("The Fund"), United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and the Builders' Association of Missouri to represent DCM's employees for collective bargaining purposes.  DCM was obligated to make payments to the Fund.  Subsequently, DCM and Petitioner entered into an Asset Purchase Agreement whereby Petitioner purchased certain assets of DCM.  Employees of DCM, with respect to whom DCM had an obligation to contribute to the Fund, performed work in the building and construction industry pursuant to the Employee

Retirement Income Security Program ("ERISA") as described in 29 U.S.C. § 1383(b). Following the asset purchase, DCM allegedly ceased making contributions to the Fund and did not affirmatively or expressly cancel its Residential Labor Agreement. The Fund assessed liability against DCM and Petitioner in the amount of $710,106.00. Petitioner and DCM requested reconsideration. The Fund denied the request. (Doc. No. 1).

Thereafter, on October 10, 2011, Petitioner, the Fund, and DCM jointly requested arbitration to determine the issue of withdrawal liability as asserted by the Fund. Prior to the hearing, Petitioner and DCM filed a Motion to Dismiss, which was denied. On November 21, 2012, an arbitration award was issued in which Petitioner, The Fund, and DCM were all of the parties. The arbitrator ruled that there was no evidence supporting the Fund's alter ego theory, but found that Petitioner was liable under the successor doctrine for withdrawal liability in the amount sought by the Fund, plus an award of the Fund's attorneys' fees and arbitration expenses. The arbitrator found no liability on the part of DCM. (Doc. No. 1).

On December 21, 2012, Petitioner Bright Construction filed a Motion to Vacate or Modify Arbitration Award pursuant to 29 U.S.C. § 1401(b)(2). The Motion initiated a miscellaneous case in this Court. (Doc. No. 1).

## II. DISCUSSION

Petitioner requests the Court set a schedule for submission of the record in this matter, briefs and arguments to the Court in order to allow Petitioner an opportunity to rebut any findings of fact made by the arbitrator and provide the Court an adequate

basis to conduct de novo review of the questions of law determined in the award. (Doc. No. 1).

The Fund's opposition to Petitioner's Motion to Vacate states that "[r]eview of the Motion to Vacate or Modify Arbitration Award reveals it is in the nature of a complaint.… [However] as of [January 7, 2013], there has been no formal service of a Complaint and Summons…….Attached is copy of the form of Notice and Acknowledgement of Service By Mail received by counsel for [The Fund] designating the pleading filed in this case as a Complaint and requesting acknowledgement of receipt of Summons and Complaint." (Doc. No. 2). The Fund requests the Court accept this [opposition] as properly responsive and direct that the Motion to Vacate or Modify Arbitration Award be: (1) considered a Complaint; (2) direct that further proceedings be conducted in accordance with FRCP 4, including service; (3) permit Defendant Fund to respond to the Complaint after proper service without waiver of any defenses. (Doc. No. 2).

On February 19, 2013, DCM filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 6). The crux of the Motion to Dismiss is that Bright Construction does not assert any claim against DCM, but rather its causes of action lie with The Fund. Therefore, DCM should be dismissed from the action. DCM also states that due to the confusing procedural posture of the case, it does not have an obligation to file an Answer. DCM argues that motion practice, not notice pleading, governs this summary proceeding. Numerous federal statutes and rules apply to Petitioner's Motion to Vacate including, ERISA, the Federal Arbitration Act ("FAA"), and the Federal Rules of Civil Procedure ("FRCP"). ERISA provides that arbitration proceedings shall be carried out pursuant to the FAA. The FAA provides that such proceedings should occur pursuant

3

to the making and hearing of motions. Furthermore, FRCP 81(a)(3) provides that in proceedings under the FAA, the FRCP only applies to the extent that matters of procedure are not provided in the FAA. (Doc. No. 6).

On February 25, 2013, The Fund filed an Answer and Counterclaim to the Motion to Vacate or Modify Arbitration Proceedings or "Complaint" (Doc. No. 7). On March 18, 2013, Petitioner filed an Answer to the Counterclaim (Doc. No. 8).

No substantive responses have been filed for the Motion to Vacate or the Motion to Dismiss**.**

ERISA provides, "[u]pon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2). ERISA further provides, "[a]ny arbitration proceedings under this section shall, to the extent consistent with this subchapter, be conducted in the same manner, subject to the same limitations, carried out with the same powers (including subpoena power), and enforced in the United States courts as an arbitration proceeding carried out under Title 9 [Federal Arbitration Act]." 29 U.S.C. § 1401(b)(3). The FAA states, "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions..." 9 U.S.C. § 6.

Therefore, "a party initiates judicial review of an arbitration award not by filing a complaint in the district, but rather by filing….a motion to vacate or modify the award." Booth v. Hume Pub., Inc., 902 F.2d 925, 932 (11th Cir. 1990). "[T]he party challenging the award should provide the court with all matters it would like the court to consider in

4

support of the motion to vacate…In response, the other party should file a motion to confirm the arbitration award and also provide the court with supporting documentation." Plastic Recovery Technologies, Co., v. Samson, 2011 WL 3205305, *2 (N.D. Ill. 2001). See Tremorio S.A. v. Electranta S.P., 487 F.3d 928, 940 (D.C. Cir. 2007) (motions to enforce arbitral awards should proceed under motions practice, not notice pleading). "These rules further the Act's policy of expedited judicial action because they prevent a party who has lost in the arbitration process from filing a new suit in federal court and forcing relitigation of the issues. Booth v. Hume Pub., Inc., 902 F.2d 925, 932 (11th Cir. 1990).

Given the above, Petitioner is permitted to proceed with this judicial action since the Motion to Vacate or Modify Arbitration Award was filed within 30 days of the arbitration award being issued. Nonetheless, consistent with the applicable law, this action shall proceed under motions practice.

### III.   CONCLUSION

Therefore, it is hereby ORDERED:

1. Motion to Vacate or Modify Arbitration Award (Doc. No. 1) is provisionally denied pending briefing completion. Substantive opposition to the Motion to Vacate or Modify Arbitration Award shall be filed by Defendant The Fund and Defendant DCM **on or before May 7, 2013**. Reply Suggestions shall be filed by Petitioner **on or before May 21, 2013**.

2. The Fund shall file a Motion to Confirm Arbitration Award with respect to itself **on or before May 7, 2013**. Suggestions in opposition shall be filed

5

on or before May 21, 2013.  Reply Suggestions shall be filed **on or before June 4, 2013**.

3. DCM's Motion to Dismiss (Doc. No. 6) shall be stricken from the record.[1] DCM shall file a Motion to Confirm Arbitration Award with respect to itself **on or before May 7, 2013**.  Suggestions in opposition shall be filed **on or before May 21, 2013**.  Reply Suggestions shall be filed **on or before June 4, 2013**.

**IT IS SO ORDERED.**

Date: April 23, 2013　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[1] DCM cites U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 188 F.Supp.2d 358 (S.D.N.Y. 2002) in support of the contention that its Motion to Dismiss was properly filed.  However, in that case, the Motion to Dismiss was filed by Defendant who endeavored to place the action in a proper procedural posture by responding to the Complaint with a Motion to Confirm the Panel's Award and alternatively, should the Court have determined the case was properly initiated by the Complaint, Defendant styled its response as a Motion to Dismiss.  Id. at 363.  Because the action was fully briefed by the parties' motions and cross-motions, the Court regarded the matter as properly instituted under the FAA.  Id.  These are not the circumstances presently before this Court.  Briefing has barely commenced and this Court has determined this case not properly initiated under the FAA.

6