IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIGHT CONSTRUCTION, INC., a Missouri Corporation </br></br> Petitioner </br></br> vs. </br></br> CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, </br></br> Respondent </br></br> and </br></br> MELMORE CONSTRUCTION, INC. F/K/A DCM CONSTRUCTION, INC. </br></br> Respondent | Case No. 4:12-mc-09028-FJG </br></br> Consolidated with </br> Case No. 4:13-CV-00181-FJG |

## RESPONDENT DCM CONSTRUCTION, INC.'S MOTION TO CONFIRM ARBITRATION AWARD AS TO DCM ONLY AND SUGGESTIONS IN SUPPORT

Pursuant to the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1401(b)(2), and the Federal Arbitration Act, ("FAA"), 9 U.S.C. § 9, Respondent Melmore Construction, Inc., f/k/a/ DCM Construction, Inc. ("DCM") moves the Court for an order confirming the Arbitrator's award as it relates to DCM.

ERISA section 1401(b)(2) provides that Petitioner Bright Construction Inc., ("Bright"), and Respondent Carpenters District Council of Kansas City Pension Fund, ("the Fund"), had thirty (30) days from November 21, 2012, the date of the arbitration award, to move to *enforce, vacate or modify* the arbitration award as to DCM. Neither Bright nor the Fund moved within thirty (30) days of the arbitration award to enforce, vacate or modify the award as it relates to

1

DCM. The FAA, section 9, provides that a court must enter an order confirming an arbitration award, unless the award is vacated or modified. Here, since Bright and the Fund have not timely moved to vacate or modify the arbitration award as it relates to DCM, the arbitration award can no longer be vacated or modified as to DCM. Therefore, the Court should enter an order confirming the arbitration award as to DCM.

## BACKGROUND

The underlying arbitration involved three parties. The Fund was the plaintiff, and Bright and DCM were the defendants. The Fund sought relief in the arbitration for withdrawal liability from both Bright and DCM under ERISA. After a hearing, the arbitrator found that Bright was subject to an assessment for withdrawal liability and that DCM *was not* subject to an assessment for withdrawal liability.

Pursuant to ERISA section 1401(b)(2), Bright filed the current case within 30 days of the arbitration award for an order vacating or modifying the arbitration award that was in favor of the Fund and adverse to Bright only. (*See* Case No. 09028, Document No. 1, Motion to Vacate, 12/21/12). Bright's motion to vacate did not seek to modify or vacate the arbitration award as it related to DCM. Furthermore, the Fund *did not* seek to enforce, vacate or modify the award against DCM within 30 days of the arbitration award. Finally, since DCM was found not liable in the arbitration, it did not seek to enforce, vacate or modify the arbitration award pursuant to ERISA § 1401(b)(2). DCM did, however, file a motion to dismiss Bright's Motion to Vacate or Modify the Arbitration Award because Bright's motion did not seek to vacate or modify the arbitration award as it related to DCM and because Bright did not assert a claim against DCM or seek relief from DCM. (*See* Case 09028, Docket No. 6, DCM's Motion to Dismiss[1]).

---

[1] DCM incorporates by reference all of its arguments and authorities set forth in its Motion to Dismiss, Docket No. 6, as though fully set forth herein.

2

On April 23, 2013, the Court entered an Order finding that "this action shall proceed under motions practice." (*See* Case 09028, Docket No. 9, Order). The Court also held that DCM and the Fund should file substantive opposition to Bright's Motion to Vacate or Modify Arbitration. Finally, the Court held that DCM and the Fund should each file a Motion to Confirm the Arbitration Award with respect to themselves.

Thereafter, the Court stayed the parties' briefing schedule so that Bright and the Fund could conduct mediation. The mediation concluded without Bright and the Fund reaching a settlement and the Court lifted the stay in this case on August 27, 2013. Simultaneously, the Court entered an Order consolidating this case with Case No. 00181, a companion case in which the Fund brought suit to collect the withdrawal liability payments claimed due from Bright. DCM is not a party to the companion case.

## ARGUMENT AND AUTHORITY

This matter originally arose out of the Fund's demand for withdrawal liability under ERISA. ERISA specifically addresses the resolution of withdrawal liability disputes. It provides that withdrawal liability disputes are subject to arbitration, and it provides the procedures for a party to appeal the arbitrator's award. Section 1401(b)(2) provides:

> Upon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of the arbitrator's award, in an appropriate United States district court in accordance with Section 1451 of this title to **enforce, vacate, or modify the arbitrator's award**.

Section 9 of the FAA provides, "at any time within one year after the [arbitration] award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." A confirmation proceeding under the FAA is intended to be a summary proceeding

3

and confirmation can only be denied if the award has been corrected, vacated or modified for the reasons set forth in sections 10 and 11 of the FAA. McClelland v. Azrilyan, 31 F. Supp. 2d 707, 713 (W.D. Mo. 1998); *See also* Dobson Brothers Construction Co., vs. Ratliff, Inc., Case no. 10-00459-CV-W-DGK (W.D.Mo.2011)(*holding that unless an arbitration award is vacated, modified or corrected for the limited reasons set out in sections 10 and 11 of the FAA, the court must grant a motion to confirm.*)

A party who fails to comply with the statutory precondition of timely service of a notice to vacate or modify an arbitration award forfeits the right to judicial review of the award. McClelland at 710, *citing* Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981). The three-month time limitation provision in section 12 of the FAA ensures that the opposing party is "'notified of litigation concerning a particular occurrence' within a reasonable time [and]... furthers Congress' intent to make arbitration a fast, efficient and inexpensive substitute to litigation in federal court." Id. at 711-712, *citing* Shearson/ American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987).

Here, Congress intended an even faster litigation in federal court of withdrawal liability claims, as section 1401(b)(2) of ERISA provides the parties only 30 days to move to vacate or modify the arbitration award, instead of the three-month time limitation found in the FAA. Bright is the only party that moved within 30 days to vacate or modify the arbitration award. Bright's motion to vacate, however, does not seek to vacate or modify the arbitration award as it relates to DCM. (*See* Docket No. 1, Motion to Vacate and Docket No. 6, Motion to Dismiss). Since Bright's motion to vacate does not seek to vacate or modify the arbitration award as it relates to DCM, the Court should enter an order confirming the arbitration award as it relates to DCM.

4

Similarly, the Fund has not filed a motion to vacate or modify the arbitration award as it relates to DCM. Like the party in McClelland who forfeited its right to judicial review because it did not timely file a motion to vacate, the Fund has also forfeited its right to judicial review of the arbitration award as it relates to DCM because it did not comply with ERISA § 1401(b)(2) and file a motion to vacate or modify within 30 days of the arbitration award. Since Bright and the Fund are no longer able to timely move to vacate or modify the arbitration award as it relates to DCM, the Court should enter an order confirming the award as it relates to DCM.

**WHEREFORE**, pursuant to ERISA, 29 U.S.C. § 1401(b)(2), and the Federal Arbitration Act, 9 U.S.C. § 9, the Court should enter an Order confirming the arbitration award as it relates to Respondent Melmore Construction, Inc., f/k/a/ DCM Construction, Inc., dismiss DCM from Case No. 09028 and Case No. 00181, as it is not a party to the companion case, and award all other relief it finds necessary, just and equitable.

Respectfully submitted,

**HAYNES BENEFITS PC**

By: _Robert A. West, by BEA, #64321_
Robert A. West
1650 NE Grand, Suite 201
Lee's Summit, Missouri 64086
(816) 875-1919
(816) 875-1920 – Facsimile Transmission

ATTORNEY FOR DCM CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record and a copy was sent by U.S. Mail, postage prepaid to:

Aaron J. Racine, Esq.
Monaco, Sanders, Gotfredson,
Racine & Barber, LC
1411 East 104th Street, Suite 100
Kansas City, MO 64131
*Attorney for Petitioner,*
*Bright Construction, Inc.*

Michael G. Newbold, Esq.
Arnold, Newbold, Winter & Jackson, PC
1125 Grand Avenue, Suite 1600
Kansas City, MO 64106
*Attorney for Defendant,*
*Carpenters District Council of*
*Kansas City Pension Fund*

                                                          Robert A. West, by BEA #64321
                                                          Robert A. West

6

Case 4:12-mc-09028-FJG   Document 23   Filed 09/23/13   Page 6 of 6