IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIGHT CONSTRUCTION, INC.<br>                         Petitioner,<br>v.<br>CARPENTERS DISTRICT COUNCIL<br>OF KANSAS CITY PENSION FUND<br>    and<br>MELMORE CONSTRUCTION, INC.<br>F/K/A DCM CONSTRUCTION, INC.,<br>                         Respondents. | Case No. 4:12-mc-09028-FJG |
| KEITH WINN and DONALD E.<br>GREENWELL, III, TRUSTEES OF THE<br>CARPENTERS DISTRICT COUNCIL<br>OF KANSAS CITY PENSION FUND,<br>a Trust Fund,<br>    and<br>CARPENTERS DISTRICT COUNCIL<br>OF KANSAS CITY PENSION FUND,<br>a Trust Fund,<br>                         Plaintiffs,<br>v.<br>BRIGHT CONSTRUCTION, INC.,<br>                         Defendant. | Case No. 4:13-CV-00181-FJG |

**CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND'S
SUGGESTIONS IN OPPOSITION TO
BRIGHT CONSTRUCTION, INC.'S MOTION TO
<u>VACATE OR MODIY ARBITRATION AWARD</u>**

COMES NOW, Carpenters District Council of Kansas City Pension Fund ("Pension Fund"), by and through its attorneys of record, and for its Suggestions in Opposition to Bright Construction, Inc.'s Motion to Vacate or Modify Arbitration Award, states as follows:

Review of the Motion to Vacate or Modify Arbitration Award filed by Bright Construction, Inc. ("Bright") in the above matter reveals no reference to facts, and indisputably reveals that it

is simply a collection of bold statements of alleged error by the arbitrator which makes no reference to any supporting law.  In the absence of any supporting facts or law, the court should disregard the unsupported statements and claims of error of Bright and deny the Motion to Vacate or Modify Arbitration Award.  Due to the absence of any factual or legal support, the Pension Fund will address the allegations of error as set forth in paragraph 8 of the Motion to Vacate or Modify the Arbitration Award.

Bright alleges in paragraph 8(A) of its Motion to Vacate or Modify the Arbitration Award that the arbitrator misapplied and/or misconstrued the evidence presented by analyzing the elements of successor doctrine and finding Bright liable for withdrawal liability.  As stated above, Bright does not provide any factual support for the allegations nor does it provide any legal support for the allegations.  The arbitrator found there were substantial similarities between Bright and DCM, and imposing the successor doctrine requires that, "to hold a successor liable we must find that there exist sufficient indicia of continuity between the two companies and that the successor firm had notice of its predecessor's liability."  **Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac**, 920 F.2d 1323, 1329 (7th Cir. 1990).  (See, Award, Joint Exhibit 1, Pages 10-12).

The elements of successor doctrine, under **Artistic Furniture**, were directly applied and construed by the arbitrator based upon the evidence presented in the arbitration proceedings.  The arbitrator rejected the alter ego claim of the Pension Fund.  (See Arbitrator's Award, Page 9, Joint Exhibit 1).  The arbitrator then looked to the elements of successor liability and found same to exist; the facts presented and established by the records support the arbitrator's finding that Bright was a successor of DCM.  (See Arbitrator's Award, Pages 10-12, Joint Exhibit 1).

Bright claims in paragraph 8(B) of its Motion to Vacate or Modify the Arbitration Award that the arbitrator showed a disregard to law in applying the successor doctrine–which had been inapplicable delinquent Pension Fund contributions under ERISA, but not withdrawal liability cases–in assessing withdrawal liability against the Petitioner.  The Pension Fund contends this

is an incorrect statement of law. Successor doctrine has been used to establish liability of a successor employer for withdrawal liability in a multitude of other cases. *See*, ***Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Tasemkin***, 50 F.3d 48 (7th Cir. 1995); ***Central States, Southeast and Southwest Areas Pension Fund v. Ehlers Dist., Inc.***, 2012 WL 2726759 (N.D.Ill. 2012); ***Automotive Industries Pension Trust Fund v. South City Ford, Inc.***, 2012 WL 1232109 (N.D.Cal. 2012); ***Central States, Southeast and Southwest Areas Pension Fund v. TAS Investment Co., Inc.***, 2013 WL 1222042 (N.D.Ill. 2013); ***Central States, Southeast and Southwest Areas Pension Fund v. Hayes***, 789 F. Supp 1430 (7th Cir. 1992).

In ***Tasemkin***, the plaintiff pension fund unsuccessfully sought to recover withdrawal liability during the predecessor's Chapter 7 liquidation. Upon failure of its claim, the plaintiff pension fund sought to recover from a new related successor entity due to the fact that the predecessor ceased to exist upon conclusion of the Chapter 7 case. The court held that the successor entity satisfied the requirements for successor liability and held the new entity liable for the predecessor's withdrawal liability. In doing so, the court reasoned, "successor liability could lie in a case…where the predecessor had racked up unpaid pension fund contributions under ERISA." ***Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Tasemkin***, 50 F.3d, at 49-50.

As in ***Tasemkin***, the arbitrator in this matter found that the predecessor DCM virtually ceased to exist and, like the bankrupt predecessor in ***Tasemkin***, DCM is without assets from which a recovery can be made by the Pension Fund. (See Transcript from October 25, 2012 arbitration proceedings, Joint Exhibit 2, Pages 156:Lines 1-10; 212:11-13; 221:8-12, and 225:17-25; See Stipulated Facts, Joint Exhibit 131, Paragraphs 7-8). Further, and also like ***Tasemkin***, the successor Bright does exist and the arbitrator found that Bright satisfied the ***Artistic Furniture*** elements of successor liability in order to impose withdrawal liability upon Bright. (See Arbitrator's Award, Pages 10-12, Joint Exhibit 1). As a result, and pursuant to

***Tasemkin***, the arbitrator's imposition of withdrawal liability upon Bright was proper despite DCM's virtual non-existence.

Bright further alleges in paragraph 8(C) of its Motion to Vacate or Modify the Arbitration Award that the arbitrator exceeded the powers granted to him to arbitrate under 29 U.S.C. §1401(a)(1) inasmuch as contribution claims are not subject to arbitration but rather the litigation in the state or Federal Courts. Again, Bright presents no facts or law to support this statement.

Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under 29 U.S.C. §§ 1381 through 1399 shall be resolved through arbitration. 29 U.S.C. §1401(a)(1). In such arbitration, the arbitrator must presume that the plan's determinations are correct unless the employer shows by the preponderance of the evidence that the determination was unreasonable or clearly erroneous. 29 U.S.C. §1401(a)(3)(A). *See also*, **Concrete Pipe and Products of Cal., Inc. v. Construction Laborers Pension Trust For S. Cal.**, 508 U.S. 602 (1993).

Contrary to the statement of Bright, the only issue presented to the arbitrator was the withdrawal liability assessment against Bright as successor to DCM. (See, Award, Joint Exhibit 1, Page 8). As set forth above, the successor liability doctrine has been used to establish withdrawal liability. The fact that the arbitrator used a decision of the Seventh Circuit Court of Appeals to delineate the successor liability doctrine in making the findings in this case does not establish that the arbitrator acted in excess of the power to grant under 29 U.S.C. § 1401(a)(1). This is basically a restatement of the allegations made in the Motion to Vacate or Modify the Arbitration Award in paragraph 8(D).

In paragraph 8(D) of its Motion to Vacate or Modify the Arbitration Award, Bright submits several alternative arguments. The first allegation is that the arbitrator's award is against public policy. Bright's next claim is that withdrawal liability has been assessed against Bright, as the successor to DCM, even though the arbitrator found that DCM had no withdrawal liability. Bright goes on to allege that a successor did not have any withdrawal liability by virtue of being a

successor and his predecessor has none, because the successor by definition has no notice of any liability. However the notice element in the case was settled by the authority relied upon by the arbitrator and also cited above. (See Arbitrator's Award, Pages 10-12, Joint Exhibit 1; See Transcript from October 25, 2012 arbitration proceedings, Joint Exhibit 2, Page 188:Line 19 to Page 189:Line 1; See, Letter from David Melcher to Rick Bright (undated), Joint Exhibit 37; See, Undated Memorandum from David Melcher to Rick Bright Regarding "Carpenters Agreement," Joint Exhibit 116). As in *Tasemkin*, and other such withdrawal liability cases under ERISA, have found that a successor is liable based upon the acts of its predecessor and even where there is no liability of the predecessor.

Bright also alleges in paragraph 8(D) that imposition of successor liability in the context of a situation otherwise governed by the construction industry exemption at 29 U.S.C. § 1383(b) is inconsistent with the enactment by Congress of the construction industry exemption. Again, there is no citation to any law to support this bold statement. To the contrary, as set forth in the cases dealing in construction industry factual scenarios cited above, successor liability is clearly approved by the courts when appropriate and is clearly consistent with the provisions of ERSIA.

Therefore, the Carpenters District Council of Kansas City Pension Fund suggests the Court, after review of the record, exhibits, and arguments of the parties herein, must deny the Motion to Vacate or Modify the Arbitration Award filed by Bright.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

/s/ Michael G. Newbold
Michael G. Newbold, Missouri Bar No. 25523
Paul E. Torlina, Missouri Bar No. 52798
1125 Grand Boulevard, Suite 1600
Kansas City, Missouri 64106
Telephone: 816-421-5788
Facsimile: 816-471-5574
*Attorneys for Carpenters District Council of Kansas City Pension Fund*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which provided a copy to the following: Aaron J. Racine, MONACO, SANDERS, GOTFREDSON, RACINE & BARBER, L.C. AT [ajracine@kcattorneys.net](mailto:ajracine@kcattorneys.net); *Attorney for Plaintiff Bright Construction, Inc.*; and Robert A. West, HAYNES BENEFITS, P.C., at [west@haynesbenefits.com](mailto:west@haynesbenefits.com), *Attorney for Defendant Melmore Construction, Inc. f/k/a DCM Construction, Inc.*

                                      /s/ Michael G. Newbold
                                      Michael G. Newbold